**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50200 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01151-BAS-1 |
| v. | |
| ELIJAH DELOSSANTOS, AKA Phantom, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50202 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01151-BAS-2 |
| v. | |
| REGINA WOLGAMOTT, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted August 16, 2019

---

&ast;    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: SCHROEDER and R. NELSON, Circuit Judges, and LEFKOW,** District Judge.

Elijah Delos Santos and his wife Regina Wolgamott ("Defendants") appeal the district court's denial of their motions to suppress evidence obtained from a search of their home.

Elijah and his brother Ricardo Jr. Delos Santos are convicted felons who posted images on their Facebook accounts of themselves holding guns. Upon discovering these images, federal agents began investigating both brothers. The brothers lived at the same residence, and had separate bedrooms. The agents' application for the search warrant included a probable cause statement pertaining to Ricardo Jr, but did not refer to any investigation regarding Elijah. The agents searched the entire residence and found weapons in the Defendants' bedroom.

Relying on *Mena v. City of Simi Valley*, 226 F.3d 1031, 1037 (9th Cir. 2000), the Defendants contend the residence was a multi-family dwelling and the officers therefore should not have searched their room. Before obtaining the warrant the agents had driven to the home and knew the cars in the driveway belonged to Ricardo Jr. and Elijah. That the officers knew Ricardo Jr. may have

_____

** The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

2

lived with other individuals, however, does not mean the officers "knew or should have known the house was a multi-unit dwelling." *Id.* Unlike the building in *Mena*, where the officers discovered separate padlocked rooms with cooking facilities, the entire residence here had only one kitchen, living space, refrigerator, and bathroom. The officers therefore reasonably concluded that the residence was a single-family unit, not a "multi-unit dwelling." *Id.*; *see also Maryland v. Garrison*, 480 U.S. 79, 88 (1987). Accordingly, the district court properly ruled that the search of the entire home was reasonable and the warrant to search the entire home was not overbroad.

The district court also properly found that the warrant was not rendered invalid because it did not refer to both brothers. Information about the investigation of Elijah, if it had been added to the warrant, would not have changed the probable cause determination as to Ricardo Jr. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011). Further, there was nothing false in the affidavit. *See United States v. Leon*, 468 U.S. 897, 922–23 (1984); *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013).

**AFFIRMED**.